## Stede's Estate

*Reilly & Pearce, Thomas J. Reilly,* and *Franklin F. Trainer, Jr.,* for exceptants.

McDonough, P. J., December 26, 1939.—It might be a sufficient disposition of the exceptions here filed [by accountant] to say that they are dismissed because they raise no question which involves that institution in either a direct or individual sense.

There is nothing on the record of this court to show that the Tradesmens National Bank & Trust Company has any authority from the distributees named therein to file an exception for them or take such action as is indicated by these exceptions.

Instead of awarding the fund to the named legatees who are admittedly in Germany, the court directed that the accountant should pay the same unto the clerk of the orphans' court of this county and there invest it in the type of investment fixed by law for that purpose for the account of the four legatees in their respective interests for the reason "In these troublesome times there is no communication between Germany and the United States of America."

Unless the recollection of the auditing judge is defective in a degree that it has never been before, it would seem that there are some faint rumors about the entity now called "Germany" being engaged in war: Indeed, engaged in a war set upon it without provocation according to the utterances of its mouthpiece.

It further appears to be a matter of such common knowledge that (if a judge of this court could take cognizance of it), the people unfortunate enough to be involved in this area are without the right to have or hold money except at the pleasure of the autocrat and all the assets of the German people are in a state of semi-confiscation or impressment for war purposes, and this whether the real owners of the assets are willing or not.

It appears from the petition that a copy of the account was sent to all parties in interest on October 26, 1939, and that, on November 14, 1939, notices were sent to all parties advising them of the filing of the account and of the date of the auditing of said account.

From the will of decedent, it would appear that, at the time the will was written, these parties were residents of Bremen, Germany, once a free Hanseatic City which has lost the first portion of its name.

The date of the audit was December 4, 1939. This court is not satisfied that, under the conditions that have obtained between November 14, 1939, and December 4, 1939 (which was just 20 days), the notice given accords the residuary legatees ample time to take care of their rights or that the conditions recited were such as would have permitted them, without coercion of some sort, to assert their rights to their own benefit.

All these things, of which mention has been made, are matters of wide public interest and knowledge and of such public import and tragic far-reaching as even to permeate the judicial cognizance.

The exceptions are addressed to the court and it is argued that proper satisfaction of the awards cannot be obtained by the accountant. All the accountant has to do

is to pay the moneys in accordance with the order of the court and obtain the satisfactions of award from the clerk of the court to whom distribution is to be made. Indeed, if notice were mailed to these legatees apprising them of this embarrassment of riches there is no certainty that the communication would not be opened by some authority and pressure put upon them to acquire the funds for the purpose of confiscation.

If nobody else is going to protect them, the law of Pennsylvania will. The exceptions are all dismissed.